**Richard OLIVER–GELY; Olga Oliver–Gely; Valerie Anne Kimber, Plaintiffs,**

v.

**HI DEVELOPMENT PR CORP. d/b/a Ponce Inn Hotel; Ace Insurance Company, Defendants.**

Civil No. 04–1238 (GAG).

United States District Court, D. Puerto Rico.

Jan. 11, 2007.

Jenaro A. Medina–Rosario, Jenaro A. Medina Law Office, Carolina, PR, Eric M. Quetglas–Jordan, Quetglas Law Office, San Juan, PR, for Plaintiffs.

Luis G. Martinez–Llorens, Francisco E. Colon–Ramirez, Colon, Colon & Martinez, San Juan, PR, for Defendants.

## *OPINION AND ORDER*

GELPI, District Judge.

Siblings and girlfriend of hotel guest brought this negligence action against hotel and its insurance company, alleging that hotel guest died from a bacterial infection he contracted after falling in hotel bathroom and tearing his skin. Defendants filed a motion in limine to exclude the testimony of the Plaintiffs' expert witness as to causation. After reviewing the pleadings and pertinent law, the court **DENIES** Defendants' motion to exclude the testimony of Plaintiffs' expert witness (Docket No. 46).

## I. Proposed Expert Testimony

On March 22, 2003, Ricardo Oliver and Valerie Kimber checked into the Ponce Inn Hotel. Mr. Oliver, a paraplegic, was visiting Puerto Rico from Florida. The following morning, Mr. Oliver fell while taking a shower in his hotel bathroom when the chair he was sitting on allegedly broke. A week later, on March 29, 2003, Mr. Oliver died due to urinary tract infection and sepsis. Both conditions were caused by the bacteria *Citrobacter freundii*.[1]

At issue in this case is whether Mr. Oliver's bacterial infection came from a skin lesion he suffered after falling in his hotel bathroom or whether it came from a bladder infection. To establish that Mr. Oliver contracted the bacteria from the skin lesion, Plaintiffs propose to call Dr. Angel Roman–Franco, a pathologist, as an expert witness. Dr. Roman opines that the bacteria that killed Mr. Oliver entered his blood after he fell in his hotel bathroom and tore his skin. *See* Exhibit 3, p. 12, Docket No. 46. This opinion is based on the following premises. Mr. Oliver sustained a laceration in his right gluteus or buttock when he fell in his hotel bathroom. *Id.* at 1. Open injuries in the gluteus are especially susceptible to infection by *Citrobacter* bacteria. *Id.* at 2. Mr. Oliver was immuno-compromised because people with spinal cord injuries suffer from diminished immunity. *Id.* at 3. The absence of a normal immune system makes antibodies less available to assist in the destruction and removal of pathogens. *Id.* at 5.

## II. Legal Standard

The admission of expert testimony is governed by Federal Rule of Evidence 702. Under Rule 702, a qualified expert witness may testify "in the form of an opinion, or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R.Evid. 702. This rule "imposes a gatekeeping function on the trial judge to ensure that an expert's testimony 'both rests on a reliable foundation and is relevant to the task at hand.'" *United States v. Mooney*, 315 F.3d 54, 62 (1st Cir.2002) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)).

Before performing a *Daubert* analysis in this case, the court heeds the First Circuit's admonitions about applying *Daubert* at the pretrial stage. *See Cortes–Irizarry v. Corporacion Insular De Seguros*, 111 F.3d 184, 188 (1st Cir.1997). In *Cortes*, the First Circuit stated that "a trial setting normally will provide the best operating environment for the triage which *Daubert* demands." *Id.* The Court noted that "given the complex factual inquiry required by *Daubert*, courts will be hard-pressed in all but the most clearcut cases to gauge the reliability of the expert proof on a truncated record." *Id.* From this, the Court concluded that "at the junction where *Daubert* intersects with summary judgment practice, *Daubert* is accessible, but courts must

---

1. *Citrobacter freundii* is an "enterobacterial commensal of the human intestinal flora. It has been associated with diarrhea in children and has been reported to cause invasive infections such as neonatal meningitis with a high mortality, isolated cases of pyomyositis, and bacteremia presenting as typhoid fever. Additionally, *Citrobacter freundii* is recognized as an occasional causative agent of urinary tract infections." Tobias A. Oelschlaeger, Patricia Guerry & Dennis J. Kopecko, *Unusual microtubule-dependent endocytosis mechanisms triggered by Campylobacter jejuni and Citrobacter freundii*, Proc. Natl. Acad. Sci. USA. 90, 6884–6888 (1993).

be cautious—except when defects are obvious on the face of a proffer—not to exclude debatable scientific evidence without affording the proponent of the evidence adequate opportunity to defend its admissibility." *Id.*

## III. Legal Analysis

Defendants have moved to exclude the testimony of Dr. Roman on the ground that there is no objective evidence to prove that Mr. Oliver suffered a laceration, that the skin tear in his buttock ever became infected, and that he was immuno-compromised. Additionally, Defendants argue that Dr. Roman's testimony should be excluded because he used a flawed methodology to reach his conclusions. The court will now evaluate these claims.

■ In his report, Dr. Roman concluded that Mr. Oliver suffered a laceration when the chair he was sitting on allegedly broke. At his deposition, Dr. Roman stated that he based his conclusion on Mr. Oliver's medical record. *See* Exhibit 2, p. 63, Docket No. 46. Because this record describes Mr. Oliver's lesion as a skin tear, Defendants argue that Dr. Roman had no objective evidence from which to conclude that Mr. Oliver suffered a laceration. Defendants' argument fails for several reasons. First, Dr. Roman stated in his deposition that a laceration is a type of skin tear. *Id.* at 60–61. Second, Dr. Roman also explained that a skin tear is the most likely lay-term used to describe a laceration. *Id.* at 64. Finally, Dr. Roman's opinion does not hinge on whether Mr. Oliver's lesion was a laceration as opposed to a skin tear. In his report, Dr. Roman used both terms to describe Mr. Oliver's lesion. *See* Exhibit 3, p. 1, Docket No. 46. For these reasons, the court cannot conclude that Dr. Roman had no objective evidence from which to conclude that Mr. Oliver suffered a laceration.

■ Dr. Roman also concluded in his report that Mr. Oliver's lesion became infected with *Citrobacter bacteria.* To support this conclusion, Dr. Roman stated that open injuries in the gluteus are especially susceptible to infection by *Citrobacter* bacteria. *Id.* at 2. Because a lab test for a blood culture of the wound reported a negative result, Defendants argue that Dr. Roman had no objective evidence from which to conclude that Mr. Oliver's lesion became infected with *Citrobacter* bacteria. In an addendum filed with Plaintiffs' opposition to Defendants' motion in limine, Dr. Franco explained that patients are known to acquire disseminated infections from trivial wounds such as uninfected puncture wounds. *See* Exhibit 4, Docket No. 47. Additionally, Dr. Roman opined that Mr. Oliver's wound may not have revealed an infection because Mr. Oliver was treated with antibiotics and the administration of antibiotics prior to culture would most likely mask an infection or even control the cutaneous bacteria at the site of entry without being able to control the blood-borne pathogens. *Id.*

Defendants urge the court not to consider Dr. Roman's addendum because the addendum was not filed in a timely fashion and because it fails to comply with Fed. R.Civ.P. 26(a)(2)(B), which requires all expert reports to include the basis for the expert's opinions. Following the mandates of *Cortes* that trial courts should not exclude debatable scientific evidence at the pretrial stage "without affording the proponent of the evidence [an] adequate opportunity to defend its admissibility," the court rejects Defendants' timeliness argument. *Cortes*, 111 F.3d at 188. Likewise, because the deposition testimony of Defendants' own expert, Dr. Ramon Bermudez, provides some support for Dr. Roman's opinion, the court will not dismiss Dr. Roman's addendum for failure to comply with

Fed.R.Civ.P. 26. In his deposition, Dr. Bermudez stated that taking an antibiotic may reduce the symptoms of an infection, but still allow the infection to enter the body. *See* Exhibit 2, pp. 38–39, Exhibit 47. Accordingly, the court cannot find that Dr. Roman had no objective evidence from which to conclude that Mr. Oliver's lesion became infected with *Citrobacter bacteria.*

In his report, Dr. Roman concluded that Mr. Oliver was immuno-compromised because Mr. Oliver was paraplegic and because people with spinal cord injuries suffer from diminished immunity. *See* Exhibit 3, p. 3, Docket No. 46. Because Mr. Oliver's medical record does not contain any evidence that he was immuno-compromised (e.g., laboratory tests, prior hospitalizations), Defendants argue that Dr. Roman had no objective evidence from which to conclude that Mr. Oliver was immuno-compromised. Because Defendants' argument goes to the weight of the evidence, which is an issue for the fact-finder to decide, the court cannot conclude that Dr. Roman had no objective evidence from which to conclude that Mr. Oliver was immuno-compromised.

Finally, Defendants argue that Dr. Roman's testimony should be excluded because he used a flawed methodology to reach his conclusions. In his deposition, Dr. Roman admitted that he reached his opinions without having seen a complete copy of Mr. Oliver's medical records. *See* Exhibit 2, p. 91, Docket No. 46. Defendants contend that this error is fatal because Dr. Roman failed to review the consultation reports of the physicians who treated Mr. Oliver during his last hospitalization. However, challenges to the methodology used by an expert witness are usually adequately addressed by cross-examination. *See United States v. Diaz,* 300 F.3d 66, 76–77 (1st Cir.2002). Because

Defendants have not shown why that cannot be the case here, the court will not exclude Dr. Roman's testimony for allegedly using a flawed methodology.

## IV. Conclusion

For the foregoing reasons, Defendants' motion in limine to exclude the testimony of the Plaintiffs' expert witness as to causation (Docket No. 46) is **DENIED.**

**SO ORDERED.**